Daniel NAVARRO, Appellant,

v.

The STATE of Texas, Appellee.

No. 1374–93.

Court of Criminal Appeals of Texas, En Banc.

June 15, 1994.

Petition for Discretionary Review Denied Jan. 25, 1995.

Art Keinarth, Smithville, for appellant.

Charles D. Penick, Dist. Atty., and John M. Hawkins, Asst. Dist. Atty., Bastrop, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

A jury convicted appellant of murder, pursuant to Tex.Penal Code Ann. § 19.02(a)(1), and assessed punishment at confinement for ninety-nine years. The Court of Appeals affirmed, holding the trial judge did not err in refusing appellant's request to limit the jury charge's definitions of knowing and intentional to the result of appellant's conduct. And, even if the refusal constituted error, the error was harmless under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1985) (Opinion on rehearing.) *Navarro v. State*, 863 S.W.2d 191, 195–197 (Tex.App.—Austin 1993). Appellant now seeks review of that decision.

In *Cook v. State*, 884 S.W.2d 485 (Tex.Cr.App.1994), we addressed the issue of when the culpable mental states should be limited by the type of offense charged. In *Cook* we held:

Intentional murder under § 19.02(a)(1) is a "result of conduct" offense, therefore, the trial judge erred in not limiting the culpable mental states to the result of appellant's conduct. *Alvarado [v. State]*, 704 S.W.2d 36 (Tex.Cr.App.1985).... It is error for a trial to not limit the definitions of the culpable mental states as they relate to the conduct elements involved in the particular offense.

*Cook*, 884 S.W.2d at 491. Consequently, the Court of Appeals erred in holding the trial judge did not err in refusing to limit the definitions of the culpable mental states. However, in *Cook* we noted finding error in the jury charge begins, rather than ends, the appellate court's inquiry and we remanded the case to the Court of Appeals for a harm

analysis under *Almanza, supra.* As previously noted, the Court of Appeals properly conducted such a harm analysis in the instant case. For this reason, appellant's petition for discretionary review is refused.