cava665.cr 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00665-CR






Gilbert Cavazos, Appellant


v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 45,738, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM


 A jury found Gilbert Cavazos, appellant, guilty of murder. Tex. Penal Code Ann.
§ 19.02 (West 1994). Punishment was assessed at 90 years' confinement in the Texas Department
of Criminal Justice--Institutional Division. Appellant challenges his conviction in three points of
error, asserting the trial court erred by refusing to include the lesser offense of manslaughter in
the charge and by admitting evidence of an extraneous offense. We will affirm the judgment of
conviction.



THE EVIDENCE

 In the early morning hours of November 18, 1994, William Chris Wilson received
a fatal gunshot wound to the back as he attempted to park his truck on a road in Bell County. The
State offered the testimony of Scott James Zywicki, the sole eyewitness and accomplice to the
incident, to establish the basis for the offense. Zywicki testified that on the night of the incident,
he and appellant were ejected from a night club after taking part in a fight on the dance floor. 
Following their removal from the club, the men agreed to wait in the parking lot for Wilson, the
man appellant thought was responsible for the fight. Wilson emerged from the club and the men
exchanged words. Wilson returned to the club and appellant and Zywicki remained in the parking
lot. Zywicki testified the two men continued to wait for Wilson and that they intended to fight
him. Approximately an hour later, Wilson reemerged from the club and left in his truck. With
Zywicki driving, the two men followed Wilson to a convenience store. They waited in a nearby
parking lot as Wilson entered the store. Zywicki testified that they "planned on using [Zywicki's]
rifle to fire a shot to scare him and see if he would stop." When questioned as to whether there
was a discussion about what exactly appellant was going to do with the rifle, Zywicki testified that
there was no discussion and that "[h]e just, he was going to fire in the air, scare him." He further
stated that an intent to murder was never formulated.

 Once Wilson emerged from the store, the two men followed him in the truck. 
During the drive, appellant loaded one round of ammunition in Zywicki's rifle. They followed
Wilson to an intersection and appellant stuck the rifle outside the truck window as they rolled
through the intersection. Zywicki testified that when he last saw the rifle it was pointed in the air
and he did not see appellant aim the rifle at Wilson. He further stated that appellant was "sniper
qualified" and that the victim was about 50 yards away when the shot was fired from his .270
Winchester rifle with a four power scope. Zywicki heard the rifle discharge and then saw
Wilson's truck roll into a ditch. Following the incident the two men left the scene and returned
to Fort Hood. A few days later they met and agreed to provide false statements to the police. 
 

 Appellant did not testify.

THE LESSER INCLUDED OFFENSE

 In his initial point of error appellant alleges that the trial court erred in denying his
request to instruct the jury on the lesser included offense of manslaughter. Appellant was tried
on two theories of murder: that he intentionally or knowingly caused Wilson's death, and that he
intended to cause serious bodily injury and committed an act clearly dangerous to human life that
caused Wilson's death. Penal Code § 19.02(b)(1),(2). Following the guilt-innocence phase of
the trial appellant requested an instruction on the lesser included offense of manslaughter. Section
19.04 of the Texas Penal Code provides that a person commits the second degree felony offense
of manslaughter if he recklessly causes the death of an individual. In determining whether a
defendant is entitled to a charge on a lesser included offense we will consider all the evidence
presented at trial. Lugo v. State, 667 S.W.2d 144 (Tex. Crim. App. 1984); Aguilar v. State, 682
S.W.2d 556 (Tex. Crim. App. 1985); Aquino v. State, 710 S.W.2d 747, 751 (Tex. App.--Houston
[14th Dist.] 1986, pet. ref'd). The Court of Criminal Appeals has adopted a two-part test to
determine whether a charge on the lesser included offense is required. Rousseau v. State, 855
S.W.2d 666, 672-73 (Tex. Crim. App. 1993); Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim.
App. 1981). First, the lesser included offense must be included within the proof necessary to
establish the offense charged. Second, there must be some evidence in the record that would
permit a jury rationally to find that if the defendant is guilty, he is guilty of only the lesser
offense. Rousseau, 855 S.W.2d at 673 (emphasized portion added to Royster test). In applying
the two-part test, the trial court should make a determination as to whether the evidence of the
lesser offense would be sufficient for a jury rationally to find that the defendant is guilty only of
that offense, and not the greater offense. Id. at 673.

 In the instant case, the lesser included offense of manslaughter was included within
the proof necessary to establish the charged offense of murder. However, there was no evidence
that would rationally support a finding that appellant, if guilty, was only guilty of the lesser
included offense of manslaughter. Zwyicki's claim that appellant did not intend to kill Wilson,
but only to scare him, raises an issue as to his culpable mental state only if taken out of context. 
The statement loses its force within context of the evidence as a whole. The Court of Criminal
Appeals has noted that the statement of a defendant cannot be plucked out of the record and
examined in a vacuum. Godsey v. State, 710 S.W.2d 578, 584 (Tex. Crim. App. 1986); see
Navarro v. State, 863 S.W.2d 191, 203 (Tex. App.--Austin 1993), pet ref'd, 891 S.W.2d 648
(Tex. Crim. App. 1993) (determination of whether trial court erred in failing to give charge of
lesser included offense must be based on all of the evidence presented at trial). Further, the
statement that appellant and Zywicki initially intended only to scare Wilson does not amount to
evidence that appellant did not intend to cause the death of Wilson when he fired the fatal shot. 
See Rousseau, 855 S.W.2d at 673. The specific intent to kill may be inferred from the use of a
deadly weapon, unless in the manner of its use it is reasonably apparent that death or serious
bodily injury could not result. Flanagan v. State, 675 S.W.2d 734 (Tex. Crim. App. 1984). The
evidence shows that appellant, a skilled sniper, aimed and fired the rifle at Wilson on level
ground, striking him squarely in the back. 

 We conclude that there is no evidence upon which a jury could rationally find that
appellant did not have the intent to kill when he fired the deadly shot. Appellant was not entitled
to a charge on the lesser included offense of manslaughter. Appellant's first point of error is
overruled.

THE EXTRANEOUS OFFENSE

 Appellant's second and third points of error relate to the trial court's rulings
regarding the admissibility of evidence of an extraneous offense. In his second point of error
appellant asserts that the trial court abused its discretion in admitting evidence of the offense
because such evidence was irrelevant under Rule 404 of the Texas Rules of Criminal Evidence. 
Rule 404 addresses the relevancy of character evidence and evidence of other crimes, wrongs, or
acts and specifically provides that



 [e]vidence of other crimes, wrongs, or acts is not admissible to prove the
character of a person in order to show that he acted in conformity therewith. It
may, however, be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake
or accident, provided, upon timely request by the accused, reasonable notice is
given in advance of trial of intent to introduce in the State's case in chief such
evidence other than that arising in the same transaction.



Tex. R. Crim. Evid. 404(b). 

 During the State's case in chief it requested a hearing outside the presence of the
jury on appellant's motions in limine as to extraneous offenses and prior convictions. During the
hearing, the State announced that it intended to offer evidence that in June 1994 appellant shot a
pistol at a person in a car while travelling on IH-35 in Austin, Texas. The State also announced
that it intended to offer evidence that appellant pleaded guilty to misdemeanor assault as a result
and was placed on probation on the morning before the killing of William Chris Wilson. 
Appellant objected to the admission of the evidence as irrelevant under rule 404 of the Texas
Rules of Criminal Evidence. Appellant's objection was overruled. Following the court's ruling,
appellant urged an objection that the probative value of such evidence was outweighed by its
prejudicial effect. See Tex. R. Crim. Evid. 403. This objection was also overruled by the court
and is the basis of appellant's third point of error. 

 Following the testimony of prior extraneous acts, the court instructed the jury as
follows: 



 You are instructed if there is any testimony before you in this case
regarding the Defendant's committed offenses other than the offense alleged against
him in the indictment in this case, you cannot consider said testimony for any
purpose unless you find and believe beyond a reasonable doubt that the Defendant
committed such other offenses, if any were committed, and even then you may
only consider the same in determining the intent or motive of the Defendant, if
any, or for purposes of showing absence of mistake or accident in connection with
the offense, if any, alleged against him in the indictment of this case and for no
other purpose.



Once the court's instruction was given, the State called attorney James Hewitt, appellant's former
defense attorney, who testified that he represented appellant on an aggravated assault charge in
Travis County. Mr. Hewitt identified state's exhibit 35 as a deferred adjudication order in that
cause. Appellant failed to object and the exhibit was admitted into evidence. The court repeated
its previous instruction regarding the limited use for which evidence of extraneous acts may be
considered. 

 We note that although appellant specifically objected to the admission of testimony
regarding the commission of an extraneous offense as irrelevant, when documentary proof of such
offense was offered into evidence appellant simply responded, "No objection, your Honor." 
Appellant's response of "no objection" waived his claim to inadmissibility of the challenged
evidence. Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992); see Gearing v. State,
685 S.W.2d 326, 329 (Tex. Crim. App. 1985); Harris v. State, 656 S.W.2d 481, 484 (Tex. Crim.
App. 1983). Were we to reach the merits of appellant's complaints we would hold that evidence
of the extraneous offense was properly admitted to prove intent, motive, and absence of mistake
or accident. We therefore overrule appellant's second and third points of error.



CONCLUSION 

 The trial court's judgment of conviction is affirmed.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: June 5, 1996

Do Not Publish



 other crimes, wrongs, or
acts and specifically provides that