TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00327-CR






Roy Anthony Martinez, Appellant




v.




The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 95-1132-2, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING







 This is an appeal from a conviction for assault. See Tex. Penal Code Ann. § 22.01 (West
1994 & Supp. 1997). A jury found appellant, Roy Anthony Martinez, guilty and the trial court assessed
punishment at 365 days in the county jail and a fine of $1,000. The imposition of the sentence was
suspended and appellant was placed on community supervision for nine months and $650.00 of the fine
was probated.


POINTS OF ERROR


 Appellant advances three points of error. During oral argument before this Court, appellant
waived and abandoned points of error two and three. The sole point of error remaining is the contention
that the "trial court erred in excluding evidence of a prior suicide attempt by appellant's wife because such
evidence was relevant to prove appellant's mental state."


FACTS


 Appellant and the complainant, Rosalie Martinez, were husband and wife at the time of the
offense, though estranged and living separately. By the time of the trial, they were divorced. On February
24, 1995, Rosalie learned that her husband was having an affair with another woman. She became angry,
upset, and hysterical. Through the intercession of a friend, appellant and Rosalie agreed to meet.

 On February 25, 1995, appellant came to the house where Rosalie lived. Appellant's and
Rosalie's versions of what happened dovetailed in some respects but differed in detail. Both agreed that
they began a conversation about their relationship which soon escalated into a shouting match. Appellant
was seated and Rosalie was standing. She admitted that she was "in his face" when appellant raised his
fist. Before push came to shove, Rosalie ran to the kitchen and picked up a knife. Appellant testified that
she grabbed two knives. It is undisputed that appellant took hold of Rosalie from behind, holding both of
her wrists, and asked her to drop the knife or knives. When she did not, appellant beat her hands and arms
against the kitchen counter in an attempt to force the knives from her hands. When this did not succeed,
appellant bit Rosalie on her shoulder which caused her to drop the knives. Appellant then "backed off." 
Rosalie related that she went to the Round Rock hospital where she received a tetanus shot, had a splint
placed on an arm and hand, and took pain medications.

 Appellant testified that he had acted in self defense and to prevent Rosalie from hurting
herself. He told the jury that he thought that Rosalie ". . . was trying to stab me or she was trying to stab
herself. I didn't know. All I knew . . . she was nuts. She was crazy . . ." Appellant acknowledged that
eleven years earlier he had held a gun to his wife's head when she came home at 4 o'clock in the morning,
but claimed he had not abused her since. Rosalie related, however, that there had been continued abuse
during the marriage.

 The trial court charged on the defense of self-defense and also instructed the jury that a
person is justified in using force, but not deadly force, against another when and to the degree he reasonably
believes the force is immediately necessary to prevent the other from inflicting serious bodily injury to
herself. See Tex. Penal Code Ann. § 9.34(a) (West 1994). The jury rejected the defenses submitted and
found appellant guilty.


EXCLUSION OF EVIDENCE


 In his only remaining point of error, appellant argues that the trial court erred in "excluding
evidence of a prior suicide attempt by appellant's wife because such evidence was relevant to appellant's
mental state." The only evidence excluded occurred during the cross-examination of Rosalie. (1) Appellant's
trial counsel asked the complainant: "Mrs. Martinez, do you recall having been taken to the hospital on
February the 5th of 1995?" The State objected. The court inquired if this was "three weeks before" and
appellant's counsel answered "20 days." The objection was sustained. Counsel then asked: "Mrs.
Martinez, have you ever attempted to commit suicide?" Again, the State's objection was sustained and
the defense counsel was urged to "move on."

 When the defendant's cross-examination is unduly limited, in order to preserve error for
appellate review, a bill of exception must be perfected, or an offer of proof in a concise statement must be
made, to show what questions the defendant wanted to propound and the answers expected to be elicited. 
Tex. R. Crim. Evid. 103(a)(2), (b); see Virts v. State, 739 S.W.2d 25, 29 (Tex. Crim. App. 1987);
Easterling v. State, 710 S.W.2d 569, 578 (Tex. Crim. App.), cert. denied, 479 U.S. 848 (1986);
Navarro v. State, 863 S.W.2d 191, 199 (Tex. App.--Austin 1993), pet. ref'd, 891 S.W.2d 648 (Tex.
Crim. App. 1995); Johnson v. State, 800 S.W.2d 563, 566 (Tex. App.--Houston [14th Dist.] 1990, pet.
ref'd); see also Love v. State, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993); Moosavi v. State, 711
S.W.2d 53, 55 (Tex. Crim. App. 1986). In the instant case, appellant did not perfect an informal bill of
exception or offer proof. Nothing is presented for review. Easterling, 710 S.W.2d at 578; Johnson v.
State, 925 S.W.2d 745, 749 (Tex. App.--Fort Worth 1996, pet. ref'd).

 It is true that a defendant is not limited to any one method of showing what the excluded
testimony would have been. See Guiterrez v. State, 764 S.W.2d 796, 798 (Tex. Crim. App. 1989). 
Without regard to the rules of appellate procedure and criminal evidence and earlier case law, Lankston
v. State held that all a party must do to preserve error is to let the trial court know what he wants, why he
thinks himself entitled to it, and to do so clearly enough for the trial court to understand him at the time when
the trial court is in a proper position to do something about it. 827 S.W.2d 907, 909 (Tex. Crim. App.
1992). But it is also true that when in the context a party has failed to effectively communicate his desire,
reviewing courts should not hesitate to hold that appellate complaints arising from the event have been lost. 
Id. Appellant seeks to rely upon Lankston. The substance of the two questions asked seems clear but
further questions would have been necessary to establish appellant's now-expressed desire. The substance
of the answers or the expected testimony is certainly not clear. Appellant did not tell the trial court he
wanted to perfect a bill of exception or make an offer of proof in the absence of the jury, or otherwise
make known to the trial court his desire at the time. Now on appeal, appellant urges that the excluded
evidence was relevant to his mental state, a fact not made known to the trial court. A complaint on appeal
must comport with the trial objection or what transpired at trial. See Rezac v. State, 782 S.W.2d 869,
870 (Tex. Crim. App. 1990). Appellant did not effectively communicate his complaint so as to preserve
error. A trial court should not be sandbagged.

 Appellant also calls attention to his direct examination as to the claimed exclusion of
evidence:


Q:  Besides from her behavior at that point, at that time, that caused you some concern
about her safety, are there any other reasons why you would be concerned about her
safety?


A:  I was extremely concerned about my safety because of the sole reason that, one, I
knew Rosalie had tried to commit suicide.


Ms. Camp-Lee [prosecutor]:  Objection, your Honor, that evidence has been--been
offered and offered and offered and has been ruled on, and that is completely inadmissible,
and I object to his testifying at this point and trying to get it in through the back door.


The Court:  Again, counsel, just ask the questions. And, you answer the questions. Don't
elaborate.


All right. Go ahead, Counsel. Ask the question.



 The State did not obtain a ruling on its objection nor seek a jury instruction to disregard
the evidence. The evidence was not withdrawn. The direct examination continued with counsel eliciting
from appellant that he had concern based on prior circumstances. No exclusion of evidence occurred and,
understandably, appellant's trial counsel made no effort to preserve any error at this point.

 When the same or similar evidence is admitted as that excluded, any error in excluding
evidence would be harmless. Cf. Burks v. State, 876 S.W.2d 877, 898 (Tex. Crim. App. 1994), cert.
denied, ___ U.S.___ 115 S. Ct. 909 (1995). The sole point of error is overruled.


MOTION FOR NEW TRIAL


 We turn now to appellant's presubmission "motion for new trial" filed in this Court based
on a claim of a lost or destroyed jury note and the trial court's response thereto. These are documents
normally filed and made a part of the clerk's record (formerly transcript). Appellant requested that this
Court rule on any contest to the motion for new trial at the same time we decide the issues raised on
appeal. Early on, the State contested the new trial motion, pointing out that appellant had not attempted
to reach an agreement concerning a substitution of the record, and noting that in the absence of an
agreement, the trial court could make a substitution, even without appellant's consent. (2) In his subsequently
filed brief, appellant did not raise the claim of a lost record as a point of error.

 On August 15, 1997, the Court of Criminal Appeals adopted an order giving final approval
to the Texas Rules of Appellate Procedure, effective September 1, 1997. The order provides that the new
rules are to be applied to pending appeals "except to the extent that in the opinion of the court, their
application in a particular proceeding then pending would not be feasible or would work injustice, in which
case the former procedure may be followed." (3)

 Rule 34.5(e) of the new rules relates only to the clerk's record being lost or destroyed. 
It does not provide for a new trial in the event of a lost record. (4) As applicable to the instant appeal, it lends
no support to appellant's request for a new trial. The term "new trial" appears in the new appellate rules
relating to lost or destroyed parts of the court reporter's record. Tex. R. App. P. 34.6(f). (5) The jury note
and the court's answer are normally a part of the clerk's record not the court reporter's record. We do
not deem Rule 34.6(f) applicable to appellant's request under the circumstances.

 Appellant, of course, relies upon former Rule 50(e) in effect at the time of his new trial
motion, which provided:


(e) Lost or Destroyed Record. When the record or any portion thereof is lost or
destroyed it may be substituted in the trial court and when so substituted the record
may be prepared and transmitted to the appellate court as in other cases. If the
appellant has made a timely request for a statement of facts, but the court reporter's
notes and records have been lost or destroyed without appellant's fault, the appellant
is entitled to a new trial unless the parties agree on a statement of facts.


 The literal language of Rule 50(e) limited an appellant's right to a new trial to those
situations where part or all of the statement of facts is lost or destroyed including the court reporter's notes
and records (including exhibits). (6) It had been urged that despite the phraseology of the second sentence
the rule should be triggered by any unavailable portion of the appellate record. 43 George E. Dix &
George O. Dawson, Criminal Practice and Procedure, § 43.282 at 25 (Texas Practice 1995)
(hereinafter Dix). Needless to say, the cases interpreting the rule and its forerunners have not been
consistent. See Harris v. State, 790 S.W.2d 568, 575-76 (Tex. Crim. App. 1989). More recently,
however, it has been said that automatic reversal under Rule 50(e) was limited to situations in which a
portion of the statement of facts had been lost. Reconstruction of any other part of a lost record was
permitted if that was possible. Gomez v. State, 905 S.W.2d 735, 738-39 (Tex. App.--Houston [14th
Dist.] 1995, pet. granted on other grounds). And it has been indicated that the majority in Melendez v.
State, 936 S.W.2d 287 (Tex. Crim. App. 1996), agreed with the explicit assertion of Judge Keller in
dissent that missing portions of the record other than the statement of facts did not invoke Rule 50(e). Dix,
§ 43.282 at 63 n.7.2 (Texas Practice, Supp. 1997); Melendez, 936 S.W.2d at 301 (Keller J., dissenting). 
If former Rule 50(e) was applicable under the exception discussed, it would not afford appellant any relief. 
The motion for new trial is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, B. A. Smith and Onion*

Affirmed

Filed: December 4, 1997

Do Not Publish
















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Appellant refers us to portions of the record involving the opening statement of appellant's counsel
and to a discussion between the court and the parties concerning an answer to a note from the jury. While
these instances may furnish background for the point of error, they do not involve the exclusion of
evidence.
2. The court reporter's record ("formerly statement of facts") reveals that the jury note in question was
read into the record. "Is there anything in evidence about suicide or attempted suicide? We heard it. It
was objected to, but we were not told to disregard it." A recorded colloquy involved a proposed
response. The court reporter's affidavit attached to appellant's new trial motion in this Court shows that
she was not present and did not record the delivery or reading of the Court's response to the jury, if that
did occur. When the court reporter is not present to record so that a record is never created, the rule
requiring reversal when a portion of record is missing does not apply. Jones v. State, 942 S.W.2d 1, 2
(Tex. Crim. App. 1997). No clerk's affidavit was attached to appellant's new trial motion. Appellant
surmises that the trial court's response was written on the back of the jury note.
3. Cf. Perez v. State, 824 S.W.2d 565, 567 (Tex. Crim. App. 1992).
4. Rule 34.5(e) provides:


(e) Clerk's Record Lost or Destroyed. If a filing designated for inclusion in the clerk's
record has been lost or destroyed, the parties may, by written stipulation, deliver a copy
of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If
the parties cannot agree, the trial court must--on any party's motion or at the appellate
court's request--determine what constitutes an accurate copy of the missing item and
order it to be included in the clerk's record or a supplement.
5. Rule 34.6(f) provides:


(f) Reporter's Record Lost or Destroyed. An appellant is entitled to a new trial under the
following circumstances:


 (1) if the appellant has timely requested a reporter's record;


 (2) if, without the appellant's fault, a significant exhibit or a significant portion of the
court reporter's notes and records has been lost or destroyed or--if the proceedings
were electronically recorded--a significant portion of the recording has been lost or
destroyed or is inaudible;


 (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or
destroyed exhibit, is necessary to the appeal's resolution; and 


 (4) if the parties cannot agree on a complete reporter's record.
6. See Melendez v. State, 936 S.W.2d 287, 292 (Tex. Crim. App. 1996).



cord other than the statement of facts did not invoke Rule 50(e). Dix,
§ 43.282 at 63 n.7.2 (Texas Practice