In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00031-CR

____________


ROBERTO GONZALEZ DE LA CRUZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 835305






O P I N I O N

 Appellant pled not guilty to murder enhanced with two prior felony
convictions. A jury found him guilty, found both enhancements true, and assessed
punishment at 99 years confinement. We affirm.


Background


 On November 19, 1998, appellant met Marcos Torres, Jr. (Torres) and Juan De
La Garza (Garza) at Garza's home. The three men then drove to Baytown and
stopped by an alley. Appellant left the car and talked with a couple of men, one of
whom was the complainant. After talking with the men for ten to fifteen minutes,
appellant returned to the car and retrieved a firearm from under the driver's seat. 
Appellant then shot the complainant while Torres and Garza sat in the car. 

 After the shooting, appellant directed Torres to move the complainant's body
into the car. Torres also placed the complainant's overalls in the car. Appellant then
ordered Torres to drive away. After driving for a while, the group arrived at a nature
center. Appellant placed the complainant's body on the ground, and Torres threw the
overalls on top of the body. 

 In three points of error, appellant argues that the trial court erred in: (1)
refusing to submit an accomplice-witness instruction in the jury charge; (2) denying
a motion for mistrial after a witness gave a non-responsive answer; and (3) allowing
the State to argue evidence outside the record. 

Accomplice Witness


 In his first point of error, appellant argues that the trial court erred by not
giving an accomplice-witness instruction. Specifically, appellant argues that the jury
should have been given the option of deciding whether Torres was an accomplice
witness in fact. 

 Section 38.14 provides, "A conviction cannot be had upon the testimony of an
accomplice unless corroborated by other evidence tending to connect the defendant
with the offense committed; and the corroboration is not sufficient if it merely shows
the commission of the offense." Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon
1979). 

 The accomplice-witness instruction is required whenever trial testimony
offered by the State is elicited from an accomplice to the crime for the purpose of
proving that the defendant committed the crime. Selman v. State, 807 S.W.2d 310,
311 (Tex. Crim. App. 1991). If there is a fact question about whether a witness is an
accomplice, the jury should be instructed to decide that issue. DeBlanc v. State, 799
S.W.2d 701, 708 (Tex. Crim. App. 1990). If the evidence is clear that the witness is
not an accomplice witness, no charge need be given to the jury either that the witness
is an accomplice witness as a matter of law or in the form of a fact issue whether the
witness is an accomplice witness. Gamez v. State, 737 S.W.2d 315, 322 (Tex. Crim.
App. 1987). 

 "A person is an accomplice if he participates before, during, or after the
commission of the crime and can be prosecuted for the same offense as the defendant
or for a lesser-included offense." Medina v. State, 7 S.W.3d 633, 641 (Tex. Crim.
App. 1999). Mere presence at the scene of the offense does not make someone an
accomplice. Blake v. State, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998). Some
affirmative act or omission is required. Id. (citing McFarland v. State, 928 S.W.2d
482, 514 (Tex. Crim. App. 1996) (holding that there must be an affirmative act which
promotes the commission of the offense)). On the other hand, a person can be an
accomplice although not present at the scene of the crime. Id. Simply knowing about
a crime and failing to disclose it, or even concealing it, does not make someone an
accomplice. Id.

 Appellant argues that the following evidence shows that Torres was an
accomplice: (1) Torres placed the body in the car, but was not forced to do so by
appellant; (2) he drove to the location where the body was dumped; (3) he threw the
complainant's overalls on top of the body; (4) he tried to cover up the crime; (5) there
was contradictory testimony about whether the complainant was shot in the alley or
where the body was left; and (6) upon being confronted by police, he denied any
knowledge of the murder. 

 In the instant case, Torres did not conduct an affirmative act before or during
the murder that would necessitate an accomplice-witness instruction. Torres had no
knowledge that a crime would be committed. He testified that he was shocked when
appellant shot the complainant. Contrary to appellant's argument on appeal, Torres
contends that he followed appellant's directions because he was afraid that he would
be shot. Torres picked up the body and placed it in the car; however, he performed
this act because appellant stood there holding a gun and told him to do so. Torres
testified that he did not run away because he was afraid appellant would shoot him. 
He drove away from the scene after appellant told him to do so. Upon reaching the
dump site, appellant took the body out of the car. Torrres testified that he threw the
complainant's overalls out of the car because he did not want to get into trouble. 
Later, Torres tried to hinder the police investigation because he was scared that
appellant would shoot him. 

 In Navarro v. State, the court held that, 

The fact that [the witness] was present at the time of the
offense, that he failed to disclose the crime . . . and that he
might be subject to prosecution for the separate offense
under section 38.05 for his actions after the killing would
not constitute him an accomplice witness or raise any
question about his status as such a witness which would
require a charge as requested. 


863 S.W.2d 191, 202 (Tex. App.--Austin 1993), pet. ref'd, 891 S.W.2d 648 (Tex.
Crim. App. 1994). Just as in Navarro, Torres was present during the offense, he
failed to disclose the crime, and he could be subject to prosecution under section
38.05. (1) Based on the evidence presented, we conclude that Torres did not perform
an affirmative act that would require the trial court to give any accomplice-witness
instruction. See Blake, 971 S.W.2d at 454.

 We overrule appellant's first point of error.

 Mistrial


 In his second point of error, appellant argues that the trial court erred in
denying his motion for mistrial. During the cross-examination of Torres, defense
counsel questioned him on what would happen if the police had more evidence
against them. Torres answered:

That's the first thing I thought. You know, came to the
police on the first day when all this happened, I thought I
was going to get sentenced myself. I though that he shoot
me for - I know he shot two other guys before and go back
and forth to Mexico. And I figured he would shoot me,
too, and just go back.


 After Torres made the statement, defense counsel asked for an instruction to
disregard the extraneous offenses. The trial court instructed the jury to disregard the
last part of the statement. Defense counsel then moved for a mistrial, which the trial
court denied. 

 Appellant argues that the introduction of the extraneous offenses was so
harmful that an instruction to disregard could not cure the statement. Further, he
states that Torres's response was clearly calculated to inflame the minds of the jury
and could not have been withdrawn from their minds by an instruction. 

 A trial court's denial of a motion for mistrial is reviewed under an abuse of
discretion standard. State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). 
A mistrial is a device used to halt trial proceedings in extreme cases when error is so
prejudicial as to appear calculated to inflame the minds of the jury members. Moore
v. State, 882 S.W.2d 844, 847 (Tex. Crim. App. 1994). The determination of whether
a mistrial is required must be based on the particular facts of each individual case. 
Hernandez v. State, 805 S.W.2d 409, 414 (Tex. Crim. App. 1990). Courts have
commonly accepted that harm can be cured by a jury instruction to disregard the
evidence if there is error, instead of declaring a mistrial. Id. at 413-14. 

 Generally, any error resulting from a non-responsive statement is cured by an
instruction to disregard. Ridyolph v. State, 545 S.W.2d 784, 787 (Tex. Crim. App.
1977). This is so except in extreme cases where it appears that the evidence is so
clearly calculated to inflame the minds of the jury and is of such a character as to
suggest the impossibility of withdrawing the impression produced on their minds. 
See id. 

 In this case, the non-responsive statement came after many questions on
cross-examination in an attempt to clarify whether Torres left the car to throw out the
overalls or whether he stayed in the car. Within the context of the trial, it is not clear
that this statement by Torres during the guilt/innocence phase of the trial inflamed the
jury in such a way that the impression produced on their minds could not be
withdrawn by the trial court's instruction to disregard. Generally, testimony referring
to or implying extraneous offenses allegedly committed by the defendant may be
rendered harmless by the trial court's instruction to disregard. See Coe v. State, 683
S.W.2d 431, 436 (Tex. Crim. App. 1984). We presume the jury followed the trial
court's instruction. Id.; see also Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim.
App. 1987). Accordingly, the trial court did not abuse its discretion in denying the
motion for mistrial.

 We overrule appellant's second point of error. 

Improper Argument


 In his third point of error, appellant argues that the trial court erred by allowing
the State to argue outside the record. Specifically, appellant argues that the
prosecutor's statement during closing argument constituted improper jury argument:

Look at the photographs. All I'm asking you is to use your
common sense. The physical evidence corroborates the
statement of Marcos Torres. Detective Budd told you that
when he reviewed the physical evidence that he got
statements from Juan De La Garza and he got statements
from Marcos Torres. You know who Juan de la Garza is. 
He's the son-in-law of the defendant. He didn't testify. 


Detective Budd told you the physical evidence
corroborated the information he was given. 


 After the prosecutor made the statement, defense counsel objected to the
reference about Garza not testifying. The trial court overruled the objection. On
appeal, appellant argues that the State used improper jury argument by arguing
outside the record.

 An objection at trial not comporting with the complaint on appeal does not
preserve error for appellate review. See Dixon v. State, 2 S.W.3d 263, 273 (Tex.
Crim. App. 1998). Instead, an objection must draw the court's attention to the
particular complaint raised on appeal. See Tex. R. App. P. 33.1(a)(1)(A); Little v.
State, 758 S.W.2d 551, 564 (Tex. Crim. App. 1988). Moreover, in order to preserve
error for appellate review, the record must show that a complaint was made to the trial
court by an objection that stated the grounds for the ruling that the complaining party
sought from the trial court with sufficient specificity to make the trial court aware of
the complaint. Tex. R. App. P. 33.1(a)(1)(A).

 At trial, appellant objected to one statement about a witness not testifying. The
grounds for the objection were not specific. On appeal, appellant argues that more
than one statement constituted improper jury argument because it was outside the
record. Because the complaint on appeal does not comport with the trial objection,
the point of error has not been preserved. See Dixon, 2 S.W.3d at 273. In addition,
the objection was not specific enough to preserve the complaint for appeal. See Tex.
R. App. P. 33.1(a)(1)(A). 

 We overrule appellant's third point of error. 



Conclusion


 We affirm the judgment of the trial court.



 Adele Hedges

 Justice

Panel consists of Justices Hedges, Nuchia, and Smith. (2)

Do not publish. Tex. R. App. P. 47.
1. Tex. Pen. Code Ann. § 38.05 (Vernon Supp. 2002) (entitled "Hindering
Apprehension or Prosecution").
2. The Honorable Jackson B. Smith, retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.