Opinion issued December 6, 2007









     




In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00814-CR




BEZALEY VERNON LEWIS JACKSON,
Appellant

v.

THE STATE OF TEXAS, 
Appellee




On Appeal from the 258th District Court 
Trinity County, Texas
Trial Court Cause No. 8902




O P I N I O N

          A jury found appellant, Bezaley Vernon Lewis Jackson, guilty of manslaughter. 
See Tex. Pen. Code Ann. § 19.04 (Vernon 2003). The trial court assessed
punishment at 20 years in prison. In his sole issue, appellant contends, “The trial
court reversibly erred in refusing to submit to the jury Appellant’s requested
instructions concerning the lesser included offense of criminally negligent homicide.” 
          We affirm.BackgroundWhile at appellant’s home, appellant and his friend, Johnny Scurlock, got into
an argument regarding the money that Scurlock owed appellant. Scurlock asked
appellant’s neighbor to take him home, stating that appellant was “acting crazy.” The
neighbor backed his SUV into appellant’s driveway, and the neighbor and Surlock
loaded Scurlock’s belongings into the vehicle. As they prepared to leave, appellant
approached Scurlock outside the vehicle. Appellant had a .22 caliber pistol in his
hand. Two shots were fired. Scurlock died within minutes from a gunshot wound to
his chest. 
          Appellant told the officer who arrived at the scene that he and Scurlock had
been arguing and that Scurlock had hit appellant in the head knocking appellant to
the ground. Appellant stated that he then pulled a gun from his pocket. Appellant
told the officer that he and Scurlock struggled over the gun and that the gun fired
during the struggle. 
          The next day appellant gave a recorded statement to another police officer. In
the statement, appellant recounted that he and Scurlock had argued over money that
Scurlock owed him. Appellant denied that Scurlock had hit him before appellant
pulled the gun from his pocket. Instead, appellant stated that he had pulled the gun
from his back pocket after Scurlock had verbally threatened to “put somthin’ on
[appellant’s] butt.” Appellant told the officer that, after drawing the weapon, he told
Scurlock “to git on way from here.” According to appellant, Scurlock grabbed the
gun in appellant’s hand, the two men struggled, and the gun fired. Appellant claimed
that the shooting was accidental.
          Several witnesses to the incident testified at trial. Testimony was given that
appellant came out of his home as Scurlock was preparing to leave in the neighbor’s
SUV. Appellant pulled out a gun as he approached the vehicle. The witnesses saw
appellant approach Scurlock and point the gun directly at Scurlock at close range. 
One of the witnesses testified that he heard Scurlock say to appellant, “[D]on’t do
this.” The same witness heard appellant demand that Scurlock pay the money that
Scurlock owed before Scurlock left. Scurlock told appellant that he could not pay all
of the money that he owed at that time but would pay appellant later. 
          All of the witnesses testified that they did not see Scurlock hit appellant, and
no one saw Scurlock and appellant struggling over the gun. One of the witnesses did
testify that he saw Scurlock try to “push” the gun away. That same witness
acknowledged that he had told police that he saw the men struggling over the gun
before it went off, but clarified at trial that he had seen the men “push” the gun up
before it fired, but had not seen an actual struggle over the gun. 
          Appellant was charged with the offense of murder. At the charge conference,
appellant requested that the lesser-included offenses of manslaughter and criminally
negligent homicide be included in the jury charge. The trial court granted appellant’s
request regarding the manslaughter instruction, but denied appellant’s request that the
jury be instructed regarding criminally negligent homicide. The jury found appellant
guilty of manslaughter.Entitlement to Criminally Negligent Homicide Instruction

          In his sole issue, appellant contends that the trial court erred by refusing to
instruct the jury on the lesser-included offense of criminally negligent homicide, as
requested. 
          A defendant is entitled to an instruction on a lesser-included offense if (1) the
lesser offense is a lesser-included offense of the charged offense and (2) there is some
evidence in the record that would permit a jury rationally to find that if the defendant
is guilty, he is guilty only of the lesser offense. Guzman v. State, 188 S.W.3d 185,
188 (Tex. Crim. App. 2006). We must review all evidence presented at trial to make
this determination. Lugo v. State, 667 S.W.2d 144, 147 (Tex. Crim. App. 1984).
          Criminally negligent homicide is a lesser included offense of murder. See
Saunders v. State, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992); Lugo, 667 S.W.2d
at 147. Thus, as briefed by the parties, the dispute in this case centers on whether
there is some evidence from which the jury rationally could have found that, if
appellant was guilty, he was guilty only of the lesser offense of criminally negligent
homicide. See Guzman, 188 S.W.3d at 188. At this step of the analysis, “the
evidence must establish the lesser-included offense as a valid, rational alternative to
the charged offense.” Hall v. State, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007).
          Criminally negligent homicide involves causing the death of another by
criminal negligence. Tex. Pen. Code Ann. § 19.05(a) (Vernon 2003). Criminal
negligence involves inattentive risk creation. Lugo, 667 S.W.2d at 147–48; Lewis v.
State, 529 S.W.2d 550, 553 (Tex. Crim. App. 1975). The key to criminal negligence
is the failure of the actor to perceive the risk created by his conduct. Trujillo v. State,
227 S.W.3d 164, 168 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d). Before a
charge on criminally negligent homicide is required, the record must contain evidence
showing an unawareness of the risk. Mendieta v. State, 706 S.W.2d 651, 653 (Tex.
Crim. App. 1986). 
          Here, we must determine whether the record contains some evidence that
would permit a jury rationally to find that appellant did not appreciate the risk that,
as a result of appellant’s taking the gun from his pocket and pointing it at Scurlock,
the gun could discharge and Scurlock could be killed. See id. In support of his sole
issue, appellant asserts as follows in his appellate brief:
Appellant admitted getting the pistol out of his pocket after Mr.
Scurlock hit him in the head. The only evidence presented was that the
gun went off accidently during the scuffle. Just as there was no
evidence concerning Appellant’s specific intent, and the jury so found
by acquitting Appellant of murder, there is no evidence of his perception
of the risk of the gun discharging. The evidence before the jury
concerning that risk is subject to more than one inference. There is no
evidence of his mental state. An inference could be assumed that
Appellant was aware of the risks in producing the pistol after being hit
but consciously disregarded same, which would authorized [sic] a
conviction for manslaughter. That same lack of evidence, however, is
subject to another inference, that he was unaware of the risk of the
accidental discharge. Such an inference would authorize the jury to
convict Appellant of the lesser included offense of criminally negligent
homicide.
          The court in Navarro v. State rejected a similar argument. 863 S.W.2d 191,
206 (Tex. App.—Austin 1993), pet. ref’d 891 S.W.2d 648 (Tex. Crim. App. 1994). 
The Navarro court recognized that the Court of Criminal Appeals in Saunders v. State
held that an instruction on a lesser-included offense may be required when evidence
is subject to different interpretations—one of which supports submission of the
instruction. Id. at 205–06 (citing Saunders, 840 S.W.2d at 392). 
          As in this case, a firearm was used to kill the complainant in Navarro. Id. at 
195, 206. The Navarro court stressed that a firearm is considered a deadly weapon
per se. Id. at 206 (citing Flannagan v. State, 675 S.W.2d 734, 744 (Tex. Crim. App.
1984)). Writing for the court, retired Presiding Judge Onion, explained, “We do not
understand Saunders to hold that causing the death of another by the use of a deadly
weapon per se is, in itself, an ambiguous act subject to different interpretations
regarding the defendant’s culpable mental state.” Id. The court concluded, “Where
the defendant kills another person with a deadly weapon per se, more than speculation
of this sort is required before the submission of an instruction on . . . criminally
negligent homicide is necessary.” Id. 
          We agree with the reasoning of the Navarro court. Evidence that appellant
drew a handgun, a deadly weapon per se, from his pocket in response to a threat by
Scurlock does not alone raise an inference that appellant was unaware of the risk
posed by that conduct. To the contrary, drawing a deadly weapon in response to a
physical threat indicates that the actor is not only aware of the risk posed by the
weapon, but is choosing to exploit that risk.
          We are cognizant that appellant’s version of the facts characterizes the shooting
as an “accident”; however, a showing of accidental discharge does not necessarily
raise the issue of criminally negligent homicide. See Thomas v. State, 699 S.W.2d
845, 850 (Tex. Crim. App. 1985); see also Simpkins v. State, 590 S.W.2d 129, 133
(Tex. Crim. App. 1979) (holding that evidence of accidental discharge does not
necessarily raise issue of criminally negligent homicide, but may raise defense of
accident). That is, a showing that the defendant did not intend the result does not
automatically entitle him to a charge on criminal negligence. Trujillo, 227 S.W.3d
at 168. Evidence of accidental discharge may raise an inference that the defendant
did not perceive a risk of injury or death, for example, when evidence is also
presented that the defendant was not aware that the gun was loaded. See Levan v.
State, 93 S.W.3d 581, 585 (Tex. App.—Eastland 2002, pet. ref’d). Here, appellant
cites neither evidence that he was unaware that the gun was loaded nor evidence
otherwise indicating that he did not appreciate the risk posed by the weapon. 
          A review of the record reveals that evidence was admitted from which it can
be inferred that appellant knew that the gun was loaded and from which it can be
inferred that he perceived the risk posed by removing the weapon from his pocket and
pointing it at Scurlock. In his statement, appellant told the police that he had kept the
gun in his pocket all evening, indicating familiarity with the weapon. By his own
admission, appellant also removed the gun from his pocket in response to either a
verbal or physical threat by Scurlock. Evidence was also presented that appellant
used the weapon as a means to coerce Scurlock into paying the money owed to
appellant. Such evidence indicates that appellant perceived the risk posed by drawing
the weapon from his pocket and choose to disregard that risk.
          Because appellant did not present evidence to show that he failed to perceive
the risk created by his conduct, and some evidence was presented indicating that he
was aware of the risk, the trial court did not err by refusing to instruct the jury on
criminally negligent homicide.
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Hanks, and Higley.

Publish. Tex. R. App. P. 47.2(b).