**Affirmed and Memorandum Opinion filed May 31, 2012**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00378-CR

---

**JEWEN LATRELL PRICE, Appellant,**

**V.**

**THE STATE OF TEXAS, Appellee.**

---

**On Appeal from the 180th District Court**
**Harris County**
**Trial Court Cause No. 1211489**

---

## MEMORANDUM OPINION

Appellant Jewen Latrell Price was indicted for murder and convicted by a jury of the lesser-included offense of manslaughter. On appeal, he asserts the trial court erred by refusing to instruct the jury on three additional lesser-included offenses. We affirm.

I

On April 12, 2009, Price confronted Laquita Hudson when she left her church's Easter service. The two argued heatedly about the custody of their son. Price and Oneal

Hudson—one of Laquita's brothers—engaged in a fistfight and were eventually separated. The police detained Price briefly.

That evening, Price arrived uninvited at Laquita's mother's house as the family was preparing for Easter dinner. Laquita, her mother, and her two brothers—Oneal and Arthur Hudson—approached Price, who remained in his car. Price demanded his son and warned Laquita and her family that they would be "in trouble" if they did not give him his son. Price was brandishing his pistol throughout the argument. As the argument escalated, Laquita picked up a beer bottle and threw it at Price's car, shattering the back window. Price responded by firing once, hitting Arthur. He sped off after Arthur fell to the ground.

Price requested jury instructions on several lesser-included offenses, but was granted an instruction on manslaughter only. The jury convicted him of manslaughter. On appeal, he raises three issues: (1) the trial court erred in failing to instruct on felony deadly conduct; (2) the trial court erred in failing to instruct on criminally negligent homicide; and (3) the trial court erred in failing to instruct on misdemeanor deadly conduct.

II

A

In deciding whether the jury should have been charged on a lesser-included offense, we apply a two-prong test. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Nickerson v. State*, 312 S.W.3d 250, 260 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). First, we determine whether the offense is a lesser-included offense of the alleged offense. *Hall*, 225 S.W.3d at 535; *Nickerson*, 312 S.W.3d at 260. Second, we determine whether there is some evidence in the record that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Hall*, 225 S.W.3d at 536; *Nickerson*, 312 S.W.3d at 260. The evidence must establish the lesser-included offense as a valid, rational alternative to the charged offense.

2

*Hall*, 225 S.W.3d at 536; *Nickerson*, 312 S.W.3d at 260. The evidence need not be particularly convincing; anything more than a mere scintilla of evidence will suffice. *Hall*, 225 S.W.3d at 536; *Nickerson*, 312 S.W.3d at 260.

B

1

We address Price's two issues on deadly conduct together. Without deciding whether Price preserved any error on the misdemeanor deadly-conduct instruction, we conclude that he was not entitled to an instruction on either misdemeanor or felony deadly conduct.

A person commits the Class A misdemeanor offense of deadly conduct when he "recklessly engages in conduct that places another in imminent danger of serious bodily injury," Tex. Penal Code § 22.05(a). A person commits the third-degree felony offense of deadly conduct when he "knowingly discharges a firearm at or in the direction of one or more individuals." *Id.* § 22.05(b)(1). We have said in a similar case that two things distinguish deadly conduct from murder. *See Ortiz v. State*, 144 S.W.3d 225, 233–34 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (en banc). Prosecution for deadly conduct "reliev[es] the State of proving (1) an intentional act and (2) the death of an individual," both of which it would need to prove for a murder conviction. *Id.* Price concedes Arthur's death but argues that he did not have the requisite intent.

Price contends that, because he was so frightened, he did not aim at any particular person and instead fired wildly at the family members. He testified that he had no idea which family member his bullet would hit, but admitted they were all in danger: "It could have been anybody." Price asserts that, because the bullet was just as likely to hit the other family members, a jury could have rationally found that he did not have the intent to kill Arthur, and as a result, he was entitled to an instruction on deadly conduct as a lesser included offense. *See* Tex. Code Crim. Proc. art. 37.09(a). We disagree.

3

It is true that deadly conduct may be a lesser-included offense of murder, but our analysis does not end there. A defendant is entitled to an instruction on a lesser-included offense only when there is some evidence in the record that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Hall*, 225 S.W.3d at 536; *Nickerson*, 312 S.W.3d at 260. There is no such evidence in the record before us. Price admits to shooting his gun and does not allege that anything else could have caused Arthur's death. He only disputes the State's characterization of his mental culpability when he pulled the trigger. There is no evidence at all that Price did anything other than cause Arthur's death, so no rational jury could find him guilty of deadly conduct without finding him guilty of homicide. *See Jackson v. State*, 992 S.W.2d 469, 475 (Tex. Crim. App. 1999) (per curiam). A murder defendant is not entitled to an instruction on the lesser-included offense of deadly conduct when the evidence showed him, at the least, to be guilty of homicide. *See id.* The trial court did not err in refusing to instruct the jury on deadly conduct, and we overrule Price's first and third issues.

2

Price's second issue is the trial court's refusal to instruct the jury on criminally negligent homicide. A person commits the state-jail felony offense of criminally negligent homicide when he "causes the death of an individual by criminal negligence." Tex. Penal Code § 19.05. A person acts with criminal negligence "with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur." Tex. Penal Code § 6.03(d).

Criminally negligent homicide is a lesser-included offense of murder. *Jackson v. State*, 248 S.W.3d 369, 371 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Again, our analysis does not end there. The key to criminal negligence is the failure of the actor to perceive the risk created by his conduct. *Id.* Before an instruction on criminally negligent

homicide is required, the record must contain evidence showing the unawareness of the risk. *Id.* at 371–72. Evidence that a defendant knows a gun is loaded, that he is familiar with guns and their potential for injury, and that he points a gun at another, indicates a person who is aware of the risk created by that conduct and disregards that risk. *Thomas v. State*, 699 S.W.2d 845, 850 (Tex. Crim. App. 1985); *Trujillo v. State*, 227 S.W.3d 164, 168 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Such a person is at least reckless. *Thomas*, 699 S.W.2d at 850; *Trujillo*, 227 S.W.3d at 168.

Testimony indicated that Price "always carried a gun," and Price has not claimed he was unaware of the danger posed by his conduct. Instead, his testimony indicated that he was acutely aware that his conduct put several people in danger: "So many of them was [sic] moving around, I didn't know Arthur was going to be right there. That could have been [Laquita's mother], Arthur, Quita. It could have been anybody." He repeatedly says that he fired in self-defense, but self-defense does not equate to an unawareness of risk. *See Johnson v. State*, 915 S.W.2d 653, 658–59 (Tex. App.—Houston [14th Dist.] 1996, pet ref'd). Because the evidence does not raise the issue of criminally negligent homicide, the trial court did not err in refusing the instruction Price requested. We overrule Price's second issue.

\* \* \*

For the foregoing reasons, we affirm the trial court's judgment.


/s/    Jeffrey V. Brown
Justice


Panel consists of Justices Frost, Brown, and Christopher.

Do Not Publish — TEX. R. APP. P. 47.2(b).

5